UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

MICHAEL ANTHONY STRACK,

    Plaintiff,

    v.       CAUSE NO. 1:24-CV-278-HAB-SLC

DAVID GLADIEUX, et al.,

    Defendants.

## OPINION AND ORDER

Michael Anthony Strack, a plaintiff representing himself, initiated this case about events that happened when he was detained at the Allen County Jail. ECF 1. He filed a motion asking to proceed in forma pauperis (ECF 2), but that motion was on the form designated for use by prisoners. Because he was no longer a prisoner when he filed this case, he was instructed to file an in forma pauperis motion on the form designed for non-prisoners. ECF 3. He has done so. ECF 4.

When presented with an in forma pauperis ("IFP") application filed by a non-prisoner, the district court makes two determinations: (1) whether the suit has sufficient merit; and (2) whether the plaintiff's poverty level justifies IFP status. *See* 28 U.S.C. § 1915(e)(2); *Denton v. Hernandez*, 504 U.S. 25, 27 (1992); *Smith-Bey v. Hosp. Adm'r*, 841 F.2d 751, 757 (7th Cir. 1988). If a court finds that the suit lacks sufficient merit or that an inadequate showing of poverty exists, the court must deny the IFP petition. *See Smith-Bey*, 841 F.2d at 757. A court must dismiss a case at any time if it determines that the suit

is frivolous, malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B).

To determine whether the suit states a claim under 28 U.S.C. § 1915(e)(2)(B)(ii), a court applies the same standard as it would to a motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6). *Tate v. SCR Med. Transp.*, 809 F.3d 343, 345 (7th Cir. 2015). In deciding a motion to dismiss under Rule 12(b)(6), a court must accept all well-pleaded factual allegations as true and view them in the light most favorable to the plaintiff. *Luevano v. WalMart Stores, Inc.*, 722 F.3d 1014, 1027 (7th Cir. 2013). To survive dismissal, a "complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted). However, "[a] document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks and citation omitted).

In this case, Strack satisfied the financial prong of the analysis, so the court turns to whether the suit has sufficient merit to proceed. But the claims asserted in Strack's complaint are too vague for the court to conduct an analysis of the merits. Strack, therefore, must file an amended complaint in order for this case to proceed.

Strack's complaint does not set forth a "a short and plain statement of the claim showing that the pleader is entitled to relief" as required by Federal Rule of Civil Procedure 8. Instead, he sues 20 defendants, and rather than briefly explaining how each of them allegedly violated his constitutional rights, he refers the court to the

2

grievances he attached to the complaint. The cross-reference of grievance numbers and dates by each defendant's name is confusing and does not provide the defendant notice of what he is alleged to have done.

The Federal Rules of Civil Procedure require that Strack present his claims with sufficient clarity "to avoid requiring a district court or opposing party to forever sift through its pages" to determine whether it states a claim. *Jennings v. Emry*, 910 F.2d 1434, 1436 (7th Cir. 1990); *see also United States ex rel. Garst v. Lockheed-Martin Corp.*, 328 F.3d 374, 378 (7th Cir. 2003) (federal pleading standards "require[] parties to make their pleadings straightforward, so that judges and adverse parties need not try to fish a gold coin from a bucket of mud"). To this end, Rule 8 of the Federal Rules of Civil Procedure requires only a "short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Strack is not required to include every potential fact or prove his claims at this stage, but mere conclusions are not enough. As the Seventh Circuit has explained:

> Plaintiffs need not lard their complaints with facts; the federal system uses notice pleading rather than fact pleading . . . It is enough to lay out a plausible grievance. A prisoner's statement that he repeatedly alerted medical personnel to a serious medical condition, that they did nothing in response, and that permanent injury ensued, is enough to state a claim on which relief may be granted.

*Burks v. Raemisch*, 555 F.3d 592, 594 (7th Cir. 2009). To proceed with this case, Strack will need to file an amended complaint.

If he files an amended complaint, he needs to include only related claims. In reviewing the grievances attached to the complaint (ECF 1-1), the subject matter of the grievances do not appear to be related. Claims are related in a legal sense either if the

3

same defendant is involved in each claim <u>or</u> if the claims all stem from the same transaction or occurrence and there is a common question of law or fact. Fed. R. Civ. P. 18(a), 20(a)(2). Here, the grievances pertain to problems with commissary orders, difficulties obtaining grievance forms, a clogged toilet, and the medical care Strack received for chronic health issues. These topics are not related just because they happened at the Allen County Jail, and they cannot all be brought in the same lawsuit. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) ("Unrelated claims against different defendants belong in different suits . . ..").

When a self-represented plaintiff files a suit with unrelated claims, the court can notify the plaintiff and allow him to decide which claim (or related claims) to pursue in the instant case—as well as to decide when or if to bring the other claims in separate suits. *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 683 (7th Cir. 2012). But the court can also pick a claim (or related claims) for the plaintiff. *Id.* If Strack files an amended complaint and it contains unrelated claims, the court will pick a claim or related claims for him and proceed with the case.

To file an amended complaint, Strack needs to use the court's non-prisoner complaint form, which is different from court's prisoner complaint form he used to initiate this case. *See* N.D. IND. L.R. 7-6 ("The court may require parties representing themselves to use clerk-supplied forms."). The non-prisoner complaint form is available on this court's website, but the court will also send him one for his convenience. If he decides to file an amended complaint, he needs to write a short and plain statement explaining what happened to him in his own words. He needs to include dates and

explain what each defendant did wrong. He needs to use each defendant's name every time he refers to that defendant. He should not quote from cases or statutes, use legal terms, or make legal arguments.

For these reasons, the court:

(1) TAKES UNDER ADVISEMENT the motions to proceed in forma pauperis (ECF 2; ECF 4);

(2) DIRECTS the clerk to write this cause number on a blank **Non-Prisoner Civil Complaint Form (INND Rev. 04/24)** form and send it to Michael Anthony Strack;

(3) GRANTS Michael Anthony Strack until **November 7, 2024**, to file an amended complaint; and

(4) CAUTIONS Michael Anthony Strack if he does not respond by the deadline, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

SO ORDERED on October 4, 2024.

                                                s/Holly A. Brady  
                                                CHIEF JUDGE  
                                                UNITED STATES DISTRICT COURT